151 F.3d 1034
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Jesse WEBSTER, also known as Lee Noble, also known as La
Noble, also known as Lee Watts, Defendant-Appellant.
 No. 96-1779, 97-2978.
 United States Court of Appeals, Seventh Circuit.
 June 8, 1998.
 
 Appeals from the United States District Court for the Northern District of Illinois, Eastern Division.
 Before Hon. RICHARD A. POSNER, Chief Judge, Hon. WALTER J. CUMMINGS, and Hon. KENNETH F. RIPPLE, Circuit Judges.
 ORDER
 ZAGEL, J.
 
 
 1
 In September 1995 a five-count superseding indictment was returned against defendant Jesse Webster and Archie West, Jr. The first three counts of the indictment charged them with various cocaine offenses whereas the final two counts charged Webster with tax fraud for 1992 and 1993. On September 13, 1995, Webster entered a plea of not guilty to all counts of the indictment. On November 30, 1995, a jury found defendant guilty of Counts I, III, IV and V, and subsequently he was sentenced to life in prison. His motion for a new trial was denied on July 30, 1997, resulting in this appeal.
 
 Facts
 
 2
 From 1992 through early 1995, defendant distributed 200 to 300 kilograms of cocaine. He was assisted by Archie West and four others. In brief, the evidence showed that defendant first met Archie West in 1985, when West began buying cocaine from defendant; the purchases continued until 1988 or 1989 when they had a falling-out. However, the friendship was renewed in early 1992 and West agreed to drive for defendant through early 1995 in connection with cocaine deals. Subsequently West began storing cocaine for defendant and became closely involved with defendant's drug trafficking.
 
 
 3
 Another co-conspirator, Sam Mitchell, bought cocaine from defendant for his personal use and later began to sell it. He also began working for defendant by finding cocaine purchasers and introduced defendant to co-conspirator Reginald Jones. From 1992 onward, Jones began buying drugs in large quantities from defendant. From 1992 through 1994, Jones bought from and sold to defendant 26 kilograms of cocaine. At trial, West, Jones and Sam Mitchell testified about the cocaine they had purchased from, sold to and helped to distribute for defendant. They testified pursuant to plea agreements. In addition to their testimony, the jury heard tape recordings harmful to defendant.
 
 New trial claim
 
 4
 Defendant argues that he is entitled to a new trial on the ground that the jury was misled into believing that the cooperating witnesses would receive stiffer sentences than they actually received. However, this argument was not raised below and was therefore waived. Even were the argument not waived, the sentences the witnesses received were consistent with their testimony at trial and with the prosecutor's statements to the jury.
 
 
 5
 An attempt to possess with intent to distribute cocaine is a cognizable federal crime
 
 
 6
 Defendant next assails Count III of the indictment charging him with knowingly attempting to possess, with intent to distribute, 25 kilograms of cocaine in violation of 21 U.S.C. § 846. 21 U.S.C. § 841(a)(1) proscribes possession with intent to distribute a controlled substance. Then 21 U.S.C. § 846 makes it a crime to attempt to violate the foregoing provision. Therefore Count III of the superseding indictment was sufficient.
 
 
 7
 Court's increase of defendant's base offense by four levels
 
 
 8
 Under U.S. Sentencing Guidelines § 3B1.1(a) a defendant's offense level can be increased four levels if the court determines that his role was that "of an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive."
 
 
 9
 Here the trial court found that there were five or more members involved in this criminal activity, namely, defendant, Archie West, Andre Mitchell, Sam Mitchell, Dino,* Reginald Jones and Sherman Randolph (Webster Sentencing Tr. 12). Judge Zagel noted that defendant led four of the individuals (West, Andre Mitchell, Sam Mitchell and Dino) so that the requisite number five was present. Defendant concedes that West was a participant in the criminal activity (Br.29, 33), and the evidence established that he had control over at least three others, namely, Andre Mitchell, Sam Mitchell and Dino. Therefore the four-point enhancement was justified.
 
 Quantity of narcotics
 
 10
 The trial judge pointed out that not only had the government proved the 150-kilogram requisite amount but in fact that 288 kilograms were involved. These calculations were supported by West's testimony, which had been corroborated. In this respect the trial court relied on the August 10, 1994 cocaine deal and the testimony of Reginald Jones. Consequently, defendant's challenge to the drug quantity calculations of the trial court is unjustified.
 
 
 11
 Failure to decrease defendant's base offense level under U.S.S.G. § 2X1.1(B)(2)
 
 
 12
 Defendant asserts that Judge Zagel should have reduced his base offense level by three levels with respect to Count III on the ground that the court did not make the necessary factual determination that defendant completed his part in the attempt. This argument was not raised below and therefore can only succeed if the trial court committed plain error. United States v. Wallace, 32 F.3d 1171, 1174 (7th Cir.1994). However, Guidelines § 2X1.1(B)(2) does not apply because the defendant was charged in Count III with attempted violation of 21 U.S.C. § 846, which is covered by § 2D1.1 of the Sentencing Guidelines.
 
 
 13
 Higher standard of proof in determining defendant's base offense level was not required
 
 
 14
 Citing United States v. Watts, 519 U.S. 148, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997), defendant contends that the trial court should have used a higher standard of proof in determining his base offense level. However, Watts involved the question whether acquitted conduct may be calculated in determining a base offense level under § 1B1.3 of the Sentencing Guidelines and does not apply here. We have already determined that there is no heightened standard applicable to conduct which is being added as relevant conduct. United States v. Evans, 92 F.3d 540, 545 (7th Cir.1994), certiorari denied, 117 U.S. 404; United States v. Bailey, 97 F.3d 982, 985 (7th Cir.1996). We are unwilling to reconsider the issue in this case, where the court did not use relevant conduct in reaching the offense level, but rather considered only the crimes of conviction and based its sentence on evidence that had already been introduced at trial.
 
 
 15
 Conviction and sentence affirmed.
 
 
 
 *
 Dino's full name does not appear in the briefs